UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DION CHRISWELL,

        Petitioner,                            Case Number: 2:06-CV-12681

v.                                                  HONORABLE NANCY G. EDMUNDS

JAN E. TROMBLEY,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT**

Dion Chriswell, presently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for felony murder. On December 20, 2006, Respondent filed a Motion for Summary Judgment, contending that the petition was not timely filed. For the reasons which follow, the Court determines the petition was not timely filed and the petition is dismissed with prejudice.

**I.    Background**

Following a bench trial in Wayne County Circuit Court, Petitioner was convicted of felony murder. On March 2, 2000, he was sentenced to life imprisonment.

Petitioner did not appeal his conviction to the Michigan Court of Appeals. *See* Affidavit of Sandra Schultz Mengel, Chief Clerk, Michigan Court of Appeals, Nov. 16, 2006.

Petitioner filed the pending petition on May 25, 2006.

**II.     Discussion**

Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). Where a prisoner's conviction became final prior to the effective date of the AEDPA, the prisoner is permitted one year from the AEDPA's effective date to file a petition for habeas corpus relief in federal court. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999).

In addition, the time during which a prisoner seeks collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). The limitations period "is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case." *Abela v. Martin*, 348 F.3d 164, 172 (6th Cir. 2003) (en banc), *cert. denied sub nom. Caruso v. Abela*, 541 U.S. 1070, 124 S. Ct. 2388 (2004). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner's judgment of sentence was entered on March 2, 2000.

Petitioner did not file a direct appeal of his conviction. His conviction, therefore, became final on March 2, 2001, when the one-year limitations period for filing a delayed application for leave to appeal in the Michigan Court of Appeals expired. *See* Michigan Court Rule 7.205(F). The one-year limitations period applicable to habeas corpus petitions commenced on March 3, 2001, and continued to run, uninterrupted, until March 3, 2002.

Petitioner's habeas petition was filed on May 25, 2006, over four years after the limitations period expired. Therefore, the petition is untimely. Petitioner makes a conclusory assertion that the limitations period does not apply in this case. He provides no argument in support of this claim, and the Court discerns no basis for such an argument.

### III.  Conclusion

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period.

Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and the matter is **DISMISSED WITH PREJUDICE**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 6, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 6, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

3